Wheeler, J.
The proceedings in this case, from their inception to their final consummation in the judgment, are marked with irregularities. *284 There are more grounds than one on which the judgment must he reversed; but as there is one which must Anally dispose of the case, others need not be noticed.
It is manifest that the cause of actiou set out in the original petition and that introduced by the amendment, on which the judgment was rendered, are distinct and wholly different causes of action. The suit was instituted upon two judgments for the sum of seven hundred and fifty dollars each, alleged to have been recovered on two promissory notes, e^ich for the same amount. The amended petition sots out and the judgment is rendered upon one judgment for tile sum of nineteen hundred and six 42-100 dollars, recovered on two promissory notes for the sum of seven hundred and seventy-five dollars each.
. It cannot be pretended that the cause of action sued on and that on which judgment- was rendered are one and the same cause of action. Suit is instituted on one cause of action and judgment rendered on another and different cause of actiou. Such a departure from the due course of judicial proceedings can upon no principle be sustained.
In the decision of this case it is unnecessary to invoke the rigid rules of construction especially applicable to proceedings in suits by attachment, for by no rules which prescribe the course of judicial proceedings can the recovery be maintained. Nor can the original petition be so amended as to constitute it the basis of an adjudication upon the cause of action, admitted and shown by the amended petition and the statement of facts to be the cause of action on •which'the plaintiff bases his right to recover in this ease.
'We '10 therefore of opinion that the judgment be reversed, and that the once >,.ngs be set aside and annulled and the case dismissed.
Reversed and dismissed.