Lipscomb, J.
As the case was decided on demurrer all such matters of fact set up in the different answers and pleas as required the intervention of a jury-are no! presented for our consideration. We must look to the facts contained in (lie peíiíion, and the several amendments thereto, and determine whether the law arising- on them gives the plaintiff a right of action, and for a judgment of foreclosure of the mortgage sued on. We do not believe that it will he necessary (o examine more than two grounds assigned by the defendants in support of their demurrer. First, that the mortgage sued upon was merged in (he decree, or order, of the alcalde, or judge of the first instance, for the munieioaliiy of Brazoria. And secondly, the statute*of limitations.
Thai all the evidence of a right of action is merged in the judgment rendered in the suit upon such evidence of rig-lit is a principle so well established that it requires neither argument nor authority in its support. And such judgment is final and conclusive on all matters thereby adjudicated. If, then, the al-calde. or primary judge, had jurisdiction of the question of the sale under the mortgage upon default of payment of the money secured to be paid by it, the character of the mortgage had been absorbed by the order or decree of that tribunal; and it could no longer be made the foundation of a suit. As well might it be contended that a promissory note, after having been sued upon to judgment, could be made the foundation of an original action. So long- as the judgment upon the one or the other remains mireversed those evidences of right cannot be again put into litigation. It is res adjucliccda. The jurisdiction of t it*, primary court has not been questioned, and the presumption is in favor oí utu-a jurisdiction, not only from its having been exercised, but from the practice prevailing at that time, and the jurisdiction of the court not called into question. So far, then, as to the defendant. Cayee, the matter of the mortgage was final and conclusive.
Yet., it is not believed that this adjudication would prevent the plaintiff from instituí ing proceedings in the District Court for the of out and executing that decree. If, after this decree and before its execution other rights liad 'intervened, as in this case, by the property changing possession, and ilaving gone into the possession of other persons by purchase, proceedings might, be^liad against such persons for the fiui-pose of enforcing the previous lien. Tiie sale to them would be valid, incumbered only with the lien. In that case, however, it would seem that the order or decree of the primary court would form tiie basis of the proceedings for its execution; and that such proceedings to enforce the lien could not be founded on the mortgage ; because, the lien would arise from the decree of tiie primary judge, and not. on the mortgage, the latter having been merged in the former. And, in the proceedings, tiie mortgage should have been referred to, not as the foundation of tiie action, hut fertile purpose of showing what tiie decree of tiie primary court settled, and what rights liad been adjudicated.
But, suppose that it may he considered that the proceedings in tiie District Court, in on the injunction and tiie decree made therein, interposed a bur to fnrtlier proceedings to execute the decree of the primary court. So long as they remained unreversed or set aside they were conclusive aga'inst the plaintiff; because tiie jurisdiction of the District Court in rendering tiie decree on the injunction cannot be doubted. The decree so rendered may have been erroneous, but it was not a nullity.
If, however, by a liberal construction this suit is brought for the purpose of obtaining execution of the decree of the primary court, and no impediment is offered by the proceedings in the District Court on the injunction in 18IJ7; will it place, the plaintiffs in a more favorable position before tills courtt It will be borne in mind that the original petition made, no reference to the proceedings before, the judge of the primary court, nor the order and decree for seizure and sale,; and that it. was not until tiie amended petition of 1801 that it is set up in tiie plaintiff’s petition. If we are to regard this decree as of any *54 ■consequence, it will not relate back to the filing oí the original petition, hut must he taken as if the amendment hy which it was set up was the beginning •of the suit. It would be barred by the limitation o£ ten years t.o bringing- a ■suit on a judgment. The decree was rendered in the primary court in January, 1835; and the amendment was not made until the 8th day of May, 1851. More than ten years had expired after tiie passage of the act of limitations of the 5th February, 1341, before the making of the amendment. (Art. 2378, Hart. Big.; Williams v. Raudon, Henderson v. Kissam.)
There is another aspect in which the statute of limitations interposes, as we believe, a conclusive bar to the plaintiff’s right of action. The first clause of the 8th section of the act above cited (Hart. Dig., art. 2384) is as follows, i. e., “That eacii and every claim for money, which lias deen'due for more than five ’“years and less than ten years, an action shall lie commenced thereon, within ■“one year from the passage of this act, and not thereafter.” Now, whether the original mortgage, or the decree of the primary judge, of January, 1835, is to he regarded as'tiie cause of action in this case, it is clear that it was of moro than five years’ standing, at the date of the passage of the act; and it was barred unless suit had been commenced within one year thereafter. Wo are well satisfied that this suit was on a claim for money, and within the meaning of the act. That the payment and collection of the money secured to be paid was the object of the suit will not admit of a doubt. This, perhaps, may he demonstrated Iw a reference to the analogy of other cases, when another case now before us, in which this position has been sustained by a very able argument of counsel, is decided.
There is another ground upon which the demurrer might, it would seem to me, be sustained although it was not specially assigned in its support; but it was pleaded. The mortgage sought to he enforced was on two tracts or parcels of land, one of a league and the other of a half league. The iilain-tiff seeks to enforce it against the half league, purchased by third persons, who had acquired rights to tiie same, from the plaintiff’s own showing, whether the lien should he sustained or not; and he has assigned no reason in his petition why (his half league in which others had acquired an interest, should be incumbered with the lien to the exemption of the other tract mortgaged, that may not have involved tiie rights of third persons. That a court of chancery will not permit a part of tiie mortgaged property that had been sold to he incumbered with the payment of the whole amount for which all of it had been mortgaged, is a well settled principle of equity j urisprudouce. (Pallen v. Agricultural Bank, Freein. Ch. It., 419; 8 Sm. & Marsh. R., 357.) The cases in which this principle has been acknowledged and enforced have been where the purchaser comes into equity to compel the party who holds a legal lien so to enforce his rights as not to injure others. I cannot perceive, however, that the application of the principle would lie less available, in a ease like this, in a proceeding to foreclose the mortgage .where the petitioner shows that a part of tiie laud has been sold, and makes the purchasers parties, and lie seeks to enforce the payment of the whole from the part so sold, and gives no good reason, and, in fact, offers none, wiiy he had not sought, satisfaction of his lien from the balance of the property, oii which, perhaps, there were no equities to be protected. It seems that to rebut tiie equity of the purchaser when he brings him into court, in a suit in which he seeks satisfaction of his lieu from the part sold, he should have by an allegation shown why lie liad so resorted to that part of the property alone. Had he obtained a decree against the whole of the land included in the mortgage, and endeavored to, seil that particular part sold, when tiie other, double the quantity, had not been sold by the mortgagor, there can be no doubt he would have been restrained from so doing until there had been a sale of the other land. I think, therefore, that the'petition is bad in substance in not asking a foreclosure for the whole of the land, or alleging some good reason for failing to do so.
This point is not, however, regarded as essential to a decision of the case us. and it is, therefore, not to be considered as decided. It would not *55 have been noticed at all, but for tlie fact that we have so mans'- cases of trusts and liens comino- before us tiiat it is important that every question relating to them should be well considered. Upou the other grounds we believe the judgment must be affirmed.
Judgment affirmed