BLADEN MITCHELL v. SAMUEL LYTLE.

(No. 488, Tex. L. J., vol. 2, p. 435.)

1w385
§ 702
3w426

APPEAL from Medina County.   Opinion by WHITE, J.

§ 702. *Amendment; new cause of action.* On motion, plaintiff's amended or supplemental petition was stricken out because it was inconsistent with the allegations in the original petition. This was error. Even if the amendment had set out a new cause of action, which was not the case in this instance, it does not necessarily follow that the amendment should have been stricken out, the rule being that the character of the original cause of action may be so far changed by amendment as to make the cause a new one, provided the subject matter of the suit and the parties remain substantially the same; and so new matter, constituting a new and distinct cause of action, may be added by amendment, provided it grew

out of or is connected with the matter originally in litigation. And under certain circumstances, on payment of costs, the amendment may set up an entirely new and distinct cause of action, not connected with the original cause of action. [Sayles' Texas Pleading, 157; Beal v. Alexander, 6 Tex. 531; Carter v. Reynolds, 6 Tex. 561; Henderson v. Kissam, 8 Tex. 52; Bell v. McDonald, 9 Tex. 378; Williams v. Randon, 10 Tex. 74; Ayres v. Cayce, 10 Tex. 99; Hopkins v. Wright, 17 Tex. 30; Smith v. McGaughey, 13 Tex. 466.] The case at bar is, in many of its features, not unlike the case of Lee v. Boutwell, 44 Tex. 151, where it was held that a plea of limitation could not be interposed to an amended petition for damages for a breach of contract, on the ground that the amendment set up a new and different cause of action, barred after the filing of the original petition, if the facts alleged as a basis of recovery were substantially the same in the original and amended petition, though the form of the breach was different.

January 11, 1879.          Reversed and remanded.