# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, JULY, [No. 2.] 1884.

### H. H. McLANE v. MARY C. PASCHAL.

#### IN THE SUPREME COURT, AUSTIN TERM, 1884.

*Pleading—Amendment—New Matter.*—The defendant is allowed to plead, by way of amendment, any new matter which will defeat the plaintiff's action.

*Same.*—In a cause pending in the district court, on appeal from the county court, an amendment is permissible which raises an issue not raised in the court below. The only test of its propriety is; would it be admissible in a cause originally commenced in the district court?

*Homestead—Creditor's Claim.*—In a proceeding by a surviving wife to have certain premises set apart as her homestead, any interested creditor is authorized to appear and defeat the order requested by her, by showing that the premises are not her homestead, or are wholly, or in part, subject to his claim.

*Constitutional Law—Homestead Exemptions.*—To construe the act of Feb. 2, 1860, enlarging the homestead exemption, so as to make it control a debt contracted previous to its date, would be to give it a retroactive effect, and violate the constitution.

*Constitutional Law—Contract—Remedy.*—The remedy subsisting in a state, when and where a contract is made, and is to be performed, is a part of its obligation; and any subsequent law of the state, which so affects that remedy as substantially to impair and lessen the value of the contract, is forbidden by the constitution of the United States and void.

Appeal from Bexar county.

Shook & Ditmar, for appellants.
Waelder & Upson, for appellees.

Willie, C. J.: The principal questions in this case arise out of the action of the court in striking out the amended answers of McLane,

filed in the cause after it had reached the district court upon appeal. This was done by the court of its own motion, the district judge holding that the parties could raise no issues in his court, that were not raised in the court from which the appeal was taken. In this the district court erred, the contrary having been decided at the present term of this court in the case of Newton v. Newton, appealed from Wilson county. The only test as to the propriety of the amendment was : Would it have been admitted in a cause originally commenced in the district court? (Rev. Stat., Art. 2207.)

It has been too frequently held by this court that an amendment may even set up a new cause of action, subject to certain restrictions, such as payment of costs, etc., to require further discussion of the question; and certainly a defendant may be allowed to plead by way of amendment any new matter which will defeat the plaintiff's action. (Carter v. Reynolds, 6 Texas, 561; Ayers v. Cayce, 10 Texas, 99; Henderson v. Kissom, 8 Texas, 52; Williams v. Randon, 10 Texas, 74).

This proceeding was commenced by Mrs. Paschal for the purpose of having certain premises set apart as her homestead. She was the actor in the matter and any interested creditor was authorized to appear and defeat the order requested by her by showing that the homestead was wholly or in part subject to his claim. The issue between the parties would be as to whether or not any portion of the premises were liable to the debt, and any pleading pertinent to either side of that issue would be appropriate. The court erred In striking out the amendment upon the ground set forth in the bill of exceptions, and for this error the judgment will have to be reversed.

As the cause will be remanded for a trial, it is proper that we express our views as to the point made by the amendment, and the action which it requires of the court in setting aside the homestead.

The deed of trust under which McLane claims a lien upon the premises, and the note which the deed secures, were executed on the 22d of April, 1859. At that time it was the law of this state, as settled by the decisions of the supreme court, that the $2000 in value of town or city lots exempted from forced sale, was to be estimated by taking into consideration as well the improvements upon the lots as the lots themselves. (Williams v. Jenkins, 26 Texas, 279; North v. Shearn, 15 Texas, 175). It was also settled that whilst a homestead was subject to sale by a trustee under a deed of trust during the life time of the grantor, yet after the death of the latter it could not

be thus executed, as this would be inconsistent with our statutes governing the settlement of the estates of deceased persons. (Robertson v. Paul, 16 Texas, 472).

Hence if the homestead rights of Mrs. Paschal, as against the deed of trust held by the appellent, be governed by the law as it existed at the date of the note and deed of trust, they were, after the death of her husband, claims to be satisfied out of the entire premises which she sought to have set apart, with the exception of sufficient of the lots and their improvements to amount to $2000 in value. The homestead to this amount in value could not be sold to pay this or any other debts, but to the balance the lien attached in the same manner that it would to any other unexempted property. The parties contracted with reference to the state of the law and their rights must be determined by it, unless they are affected by subsequent legislation upon the same subject.

The only subsequent change in the amount of urban homestead exemption, made prior to the death of J. A. Paschal is to be found in the act of February 7, 1860, subsequently incorporated into the act of November 10, 1866. By that act the homestead in a town or city exempt from forced sale is declared to be the lot or lots occupied, or destined as a family residence, not to exceed in value $2000, at the time of their destination as a homestead; and that the subsequent increase in the value of the homestead, by reason of improvements or otherwise should not subject the homestead to forced sale. It is evident that if this provision is to govern the rights of the parties in this case, the appellee will secure a much larger homestead exemption, and the appellants remedy for his debt will be seriously impaired.

In order to so hold we should have to give the statute a retroactive effect, and the appellant contends, we should thereby also cause it to impair the obligation of a contract in violation of the constitution of the United States. We are relieved of the necessity of discussing these points as original questions, for the first has been settled by our own supreme court—and the other by the supreme court court of the United States.

It was held in the case of Paschal v. Cushman, 26 Texas, 74, that to construe the act of February 2, 1860 so as to make it control a debt contracted previous to its date would be to give it a retroactive effect and violate the 14th section of article 1, of the constitution of

1845. The same prohibition against laws of this character has been inserted in every constitution under which our state government has been since administered. We can not therefore construe the act to affect contracts entered into previous to its passage.

In the case of Edwards v. Kearsey, (6 Otto, 595,) the Supreme Court (U. S.) held that the remedy subsisting in a state, when and where a contract is made and is to be performed, is a part of its obligation; and any subsequent law of the state, which so affects that remedy as substantially to impair and lessen the value of the contract, is forbidden by the Constitution of the United States, and therefore void. This decision was made in a homestead case not dissimilar to the present. It came up on writ of error to the Supreme Court of North Carolina, where it had been held that the state had power to exempt from execution a larger amount of homestead and other property than had been before exempted, and make the exemption apply to contracts previously made. The U. S. Supreme Court reversed that decision, and held that to apply such a provision in the Constitution of North Carolina, to previous contracts, impaired their obligation and could not be allowed without a violation of Art. 1, Sec. 10, of the Constitution of the United States. The decision of that court upon such a question is binding upon us, and we follow it with the more willing steps because of its entire harmony with our own views upon the subject.

We thind therefore that in setting apart a homestead to Mrs. Paschal, the court should include the improvements, as well as the lots upon which they are situated, in estimating the $2000 in value of exemption, to which she is entitled, as against the claim of the appellant under his deed of trust.

It was stipulated in the deed of trust that, in case it became necessary to sell lots 31 and 27 in satisfaction of the same, lot 31 should be first sold, and afterwards lot 27 in subdivisions of ten varas front by sixty back, so as to reserve the houses for the last. Without any such stipulation, the law would have reserved from sale that portion of lot 27 upon which the family home was located, until all the balance had been sold, and the debt still remained unpaid. In case of inability to force a sale of any portion of the homestead premises, by reason of the death of the grantor of the deed of trust, the law would have reserved from sale, that part upon which the houses constituting the family residence was located. The stip-

ulation in the deed, being in consonance with the course which the law would pursue, and the prayer of the amendment being to that effect, we think it the duty of the court to set aside the homestead from the subdivisions mentioned in the deed, which will include the houses and improvements constituting the family residence.

The amendment alleges that by sub-dividing lot 27, as provided in the deed of trust, with an aggregate front of 30 varas, running back 60 varas for depth, all the dwelling houses and buildings ever used for family purposes would be embraced, and that this portion of the premises was worth $2000 or more at the time of making the deed of trust. It further alleges that according to the intent and meaning of the deed, and according to the laws in force at the time it was executed, the portion thus set apart would represent the homestead exemption secured to the family of the deceased I. A. Paschal. If this allegation is true, the prayer of the amendment which is in accordance with it, as well as the law as it existed at the date of the deed, can easily be complied with both as to the location and amount of exemption, by setting apart the homestead of the 30 varas front and 60 varas depth, and the improvements thereon, as stated in the amendment, and provided in the deed of trust, or such other area as taken in connection with the improvements thereon, constitutes the family residence, and worth $2000 at the time the deed of trust was executed

The judgment will be reversed and the cause remanded in order that the cause may be proceed with in accordance with the views expressed in this opinion.

(Mr. Justice West did not sit in this case.)