COATS et al. v. BAIN et al.  (No. 7077.)* ·

(Court of Civil Appeals of Texas. San Antonio. Jan. 30, 1924. Rehearing Denied Feb. 27, 1924.)

1. Executors and administrators ⚬═506(1)— Burden held on executors to prove justness and correctness of final account.

Where a report and final accounting by executors had after appeal been returned to the probate court to be restated on the ground of fraud, the burden was on the executors to prove the justness and correctness of the account then filed.

2. Executors and administrators ⚬═510(7)— Dismissal of appeal from probate court to district court for incompleteness of transcript held error.

On objections to the final account of executors, it was improper to dismiss an appeal because the transcript of the clerk of the probate court did not include vouchers, checks, etc., introduced in the probate court in support of the account, where they were sent up with the record without objection, as Rev. St. art. 3635, relating to transcripts on appeal, was sufficiently complied with, and, if not, the court should have ordered the clerk to supplement the transcript with certified copies; failure to make a complete transcript not being due to the fault of appellant.

3. Executors and administrators ⚬═510(12)— Dismissal of appeal from probate court because objecting party failed to introduce evidence held error.

Since Rev. St. art. 3638, provides that all causes removed by appeal from the probate court to the district court shall be tried anew, it was error to dismiss an appeal from a confirmation of the final account of executors on the ground that the party objecting had in-

⚬═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction· April 16, 1924.
.258 S.W.—57

troduced no evidence in the probate court; such failure to introduce evidence not estopping the objecting party from prosecuting an appeal.

**4. Executors and administrators ☜510(12)— Procedure on trial de novo on appeal from probate court after approval of account of executors stated.**

Where an appeal to the district court is taken from the confirmation of the final account of executors in the probate court, under Rev. St. art. 3638, the district court must consider the account and the objections thereto as if they constituted an original petition and answer and hear any proper evidence by either party, and from such pleadings and evidence determine as an original question whether 'the account should be approved, regardless of any evidence offered below.

**5. Executors and administrators ☜510(3)— Waiver of right to complain of fraud in executors' final account must clearly appear.**

Where it has been determined that executors have fraudulently administered their trust and their final account has been disapproved and the account ordered to be restated, it is only a clear intention, definitely expressed, that may be held a waiver of the right to complain or an invitation to approve the final account so as to bar an appeal.

- Appeal from District Court, Karnes County; Covey C. Thomas, Judge.

Suit by Mrs. R. H. Coats and others against L. E. Bain and others. From an order of the district court dismissing an appeal from an order by the probate court approving a report and final accounting by defendants as executors of W. G. Butler, deceased, plaintiffs appeal. Reversed and remanded, with instructions.

J. B. Dibrell, of Seguin, Bell & Bell, of San Antonio, Paul Brown, of Karnes City, and L. H. Browne and J. D. Dodson, both of San Antonio, for appellants.

Lewright & Lewright, of San Antonio, and Thames & Scarborough, of Kenedy, for appellees.

SMITH, J. This appeal is from an order of the district court dismissing an appeal from an order entered by the probate court of Karnes county, approving a report and final accounting filed therein, by L. E. Bain and A. J. Parker, as executors under the will and of the estate of W. G. Butler, deceased. This is the second appeal in the cause. Bain v. Coats (Tex. Civ. App.) 228 S. W. 571; (Tex. Com. App.) 244 S. W. 130. The case is so very fully stated by this court and the Supreme Court in their published opinions, we will not undertake to restate it here; it being unnecessary to this opinion. Suffice it to say that upon the former trial it was found that the executors had been guilty of fraud in some of the transactions embraced in their final report and account, and after passing by successive appeals through the

several courts the matter was finally returned to the probate court, with instructions to require the executors to file an amended, true, and complete accounting as executors of the estate in question. In attempted compliance with this order, the executors did file an "amended or restated" report and account, to which Mrs. Coats (formerly Mrs. Butler), the beneficiary under the will of the deceased testator, in due course filed her objections.

[1] Upon the trial in the probate court the court properly held, and the parties conceded, that the burden was upon the executors to prove the justness and correctness of the account. Whereupon the executors introduced the amended report, together with the vouchers, canceled checks, and accounts supporting the disbursements, of which there were 868. One of the executors, L. E. Bain, was then placed on the stand in his own behalf, and testified, in general terms, that the items embraced in his report were correct and true. When the executors rested, at the conclusion of Bain's testimony, the appellants, who were and are ·contesting the executors' report, announced that they would offer no testimony, whereupon the court rendered judgment approving the amended report filed by the executors. The appellants excepted to this order, and duly perfected appeal therefrom to the district court, to which the proceedings were duly certified by the county clerk, on June 9, 1923.

When the cause reached the district court, the executors, appellees herein, filed a motion to dismiss the appeal upon the grounds: (1) That the clerk's transcript of the proceedings in the probate court did not include the vouchers, checks, etc., introduced in the probate court in support of the executors' report and account, and therefore was not a "complete" transcript; (2) that appellant Mrs. Coats, the beneficiary under the will, was then estopped from prosecuting the appeal, because she had offered no evidence in the probate court in support of her objections to the account; (3) that Mrs. Coats was then estopped from prosecuting the appeal, because her counsel had by their words and conduct led the judge of the probate court to believe they "invited" the approval of 'the account. The district court sustained the motion and dismissed the appeal on all and each of the three grounds stated.

[2] It is provided in article 3635, R. S., that where an aggrieved party desires to appeal from an order of the probate court and has filed the appeal bond required in article 3632, it shall be the duty of the clerk of that court "immediately to make out a certified transcript of the papers and proceedings relating to the decision, * * * appealed from, together with such decision, * * * and transmit the same to the clerk of the district court, together with the appeal bond, * * * on or before the first day. of the

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

next term of such court." It appears that the order appealed from was entered in the probate court on June 5, 1923, the transcript on appeal was filed in the district court on June 9th, and the "first day of the next term of" said district "court" was June 11th, two days later. On the latter date the executors filed in the district court their motion to dismiss the appeal, the first ground stated being that the transcript mentioned was not "complete," in that it did not embrace copies of the 868 canceled checks and accounts, which were introduced in evidence in the probate court in verification of the final account of the executors. These checks and accounts were no part of any pleading in the case, and were used only as evidence. It is shown in the record that the clerk could not have copied these matters in the transcript in time to have filed the latter in the district court on or before the first day thereof, and so, upon motion of appellant and without objection from appellees, the court ordered the original checks and accounts to be sent up with the record, which was done. When appellees filed their motion to dismiss, because of the omission of these matters from the transcript, appellant moved the court, in event it be held that the papers should be copied in the transcript, to require the county clerk to certify them up. The court, however, disregarded this remedy, and ordered the dismissal of the appeal. That the court erred in this respect is too obvious for argument. Even if the statute contemplated the inclusion of these papers in the transcript, we think the requirement was substantially met when, with the acquiescence of the parties, the probate court had the originals sent up with the record. But if that were not sufficient compliance with the statute, it was the duty of the court, when the omission was called to his attention, to order the clerk below to supplement the transcript with certified copies of the omitted documents. The effect of the holding of the district court was to deny to appellants the right of appeal upon technicalities of doubtful application, and for which the appealing party was in no sense responsible, which he could not foresee, and which he was given no opportunity to remedy.

[3, 4] The second ground upon which the court dismissed the appeal was that the appellant was estopped from prosecuting an appeal, because of his failure to introduce any evidence in the probate court. This ground is as untenable as the first one. It is provided in article 3638, relating to this particular procedure, that "all causes removed by appeal to the district court shall be tried anew, as if originally brought in such court. * * *" This provision is so plain that any attempt to construe it could serve no purpose but to probably confuse it. There is no way to try a case "anew" in a given court, "as if originally brought" in that court, except there to try it without reference or regard to its course or history in some other court. Here, the final account of appellees took the position of a plaintiff's original petition in the district court, while the objections of appellants to the account took the position of a defendant's answer, and thus was joined the issue of the justness and sufficiency of the final account. Hall v. Claiborne, 27 Tex. 220. It was the duty of the district court to consider the account and objections, as if they constituted original petition and answer, hear any proper evidence offered in appropriate relation thereto by either party, and from such pleadings and evidence determine, as an original question, whether or not the account should be approved. It did not concern the district court whether any evidence was offered by either party below, and any evidence admissible below was admissible above. Kelly v. Settegast, 68 Tex. 13, 2 S. W. 870; Phelps v. Ashton, 30 Tex. 345; Newton v. Newton, 61 Tex. 511; McLane v. Paschal, 62 Tex. 102. In the first case cited, in a like proceeding, Judge Stayton said that—

"Trials on appeals from a county court are had de novo. The district court acquires jurisdiction to hear the contest, and to establish or reject a will, as the facts may require, as fully as has the county court in the first instance, and we are of the opinion that any evidence may in it be taken and heard which might legally be in the county court."

The court below held, in effect, that its sole function was to review, and not to try the cause on its merits; whereas, under the law its sole function was to try "anew" the case on its merits, "as if originally brought" in that court, and to certify its decision thereon to the probate court for observance.

[5] The third and last ground upon which the district court dismissed the appeal was, in effect, that the words and conduct of appellants' counsel in the trial below were "construed and understood" by the judge of the probate court "to be practically an invitation to said judge then hearing said matter to approve" the executors' final account and report. We have very carefully examined the case, with reference to this finding of the trial court, and are quite clear that there is nothing in the record to sustain it. The matter in issue is one of much gravity, affecting the execution of an important trust, which both the probate and district courts, as well as this and the Supreme Courts, have found has been fraudulently administered. In such case it is only a clear intention, definitely expressed, that may be held to be a waiver of the right on the part of the injured party to complain of the fraud, or to invite a decree foreclosing such right.

Clearly, the district court erred in dismissing the appeal. Wherefore the judgment will be reversed, and the cause remanded, with instructions to the district court to try the

cause "anew, as if originally. brought" therein.

Judgment reversed, and cause remanded, with instructions.

### On Motion for Rehearing.

Appellees complain of the statement in the original opinion that "the' parties conceded" in the trial in the probate court that the burden was upon the executors to prove the justness and correctness of their account. It is vigorously contended by appellees that the executors made no such concession, while appellants contend to the contrary, with equal vigor. As it is wholly immaterial whether or not the parties did in fact concede this obvious applicability of the appropriate rule as to burden of proof, the offending statement made in the original opinion will be withdrawn; but, as its withdrawal does not affect the decision, appellees' motion for rehearing is overruled.