No. 2753.

**Appeal—Final Judgment.**—A County Court has power to set aside an order discharging a guardian, which was made at a former day of the term, and from such action of the court there is no appeal, there being no order final in its nature decisive of the right of the guardian to his discharge.

APPEAL from Washington. Tried below before Hon. C. C. Garrett. The opinion states the case.

*C. R. Breedlove,* for appellant.— "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the County Court shall have the right to appeal therefrom to the District Court of the county," etc. Rev. Stats., art. 2200.

*Searcy & Garrett* and *Bassett & Muse,* for appellee.—The order of the County Court from which this appeal is prosecuted was simply an order granting a new trial, and no such final judgment as could be appealed from, and the District Court did not err in dismissing the same. Holek v. Varona, 63 Texas, 65; Messner v. Lewis, 17 Texas, 519, 520; Henderson v. Banks, 70 Texas, 398; Sharp v. Elliott, 70 Texas, 669; Wood v. Wheeler, 7 Texas, 13; Sayles' Civ. Stats., art. 1372, note 7; Janson v. Jacobs, 44 Texas, 575.

STAYTON, CHIEF JUSTICE.—Appellant was guardian of the estate of appellee, and with the latter, on the day he reached majority, made a settlement, taking from him a written acknowledgment that he had delivered to his ward all property theretofore in the guardian's hands.

This paper, together with an application for discharge, was filed in the County Court having jurisdiction of the matter, and on November 24, 1888, that court entered an order discharging the guardian on condition that costs of the guardianship should be paid.

On December 4 appellee made an application to have the order of November 24 set aside, on the ground that the settlement on which it was made had been obtained by false representations made to him by appellant in reference to the estate for which he was liable.

The application set out with some particularity wherein appellant had failed to turn over or account for property of appellee which he had received as guardian.

While this motion was pending appellant offered to pay to the clerk all costs of the guardianship, but under direction of the county judge the clerk declined to receive this.

On December 6 the order of November 24 was set aside, and from the order doing this an appeal was prosecuted to the District Court, where on

motion, the above facts appearing, the appeal was dismissed, and from that ruling this appeal is prosecuted.

All the proceedings referred to occurred during the same term of the County Court.

The statute provides that "any person who may consider himself aggrieved by any decision, order, or judgment of the court, or by any order of the judge thereof, may appeal to the District Court as a matter of right, without bond." Rev. Stats., art 2707.

This statute doubtless has application only to such decisions, orders, or judgments as at the end of a term would be held conclusive as adjudicative of some controverted question or right, unless set aside by some proceeding appellate or revisory in its nature.

The question between the parties in this case is, has appellant delivered to appellee all property and funds which he ought as guardian to deliver? Has he complied with his obligation as guardian?

He reported to the court that he had, and offered as evidence of that fact the written acknowledgment of appellee, and on this the court directed his discharge.

The County Court, however, had power, as have all other courts, during the term at which that order was made to set it aside if such course was shown to be proper, and of this that court was the sole judge. In the exercise of that power the order directing the discharge of the guardian was set aside, and the matter now stands in that court as though the order had not been entered.

There is no order final in its nature decisive of any issue between the parties, and until such an order exists there is nothing which can be appealed from.

There would be as much reason for sustaining an appeal for an order granting a new trial as for sustaining the appeal to the District Court in this case.

The order of December 6 is in effect one granting a new trial, and on it no appeal will lie. If in the final settlement to be made of the guardian's account an order be made with which he is dissatisfied, he will then have an opportunity to appeal.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered January 14, 1890.