## SAROS v. STRICKLAND.

### No. 13041.

Court of Civil Appeals of Texas. Dallas.
Feb. 15, 1941.

Rehearing Denied March 15, 1941.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

Louis Wilson, of Dallas, for appellee.

BOND, Chief Justice. ·

On November 30, 1938, Henry Strickland made application to the probate court of Dallas County, Texas, for appointment as administrator of the estate of Anita Martinez, deceased, showing necessity therefor and asking that he "or some other suitable person" be appointed, and that such appointment, unless contested at the next regular term of court, be made permanent. The court appointed Strickland temporary administrator of said estate, and

he qualified as such by taking the oath and executing a bond, as required by law, and in compliance with the order of the court.

On December 3, 1938, Sam Saros filed in the probate court, a contest on the action of said court (1) in appointing Strickland temporary administrator, (2) appointment of Strickland as permanent administrator, and (3) asking that Strickland's appointment be revoked and that he, Saros, be given preferential right to such appointments; basing his contest on the allegations that he was the husband of deceased, thus being the next of kin; that, under the law, he had a preferential right to such appointments, and that Henry Strickland is a negro, not related to deceased, thus not a competent or suitable person to have jurisdiction and control over her estate.

On December 6, 1938, Henry Strickland filed an answer to the contest, challenging the claim of contestant Sam Saros for preferential appointments, both as temporary and permanent administrator of said estate, denying that deceased was a white woman and that contestant was her husband; and, in his own behalf, specially alleged that Anita Martinez was a negro, being the sister of William Daugherty (a negro), who, as next of kin of deceased, had waived his preferential right to such appointment in favor of applicant; further alleging that he is not disqualified or unfit to act as such administrator by reason of being a negro, and seeking to retain his appointment as temporary administrator, and to be appointed permanent administrator.

It will be observed that the contest over the appointment of both temporary and permanent administrators centers on the issue of whether deceased was a negro. If, in fact, she was a negro and her alleged marriage to Sam Saros, a white man, occurred in Texas, manifestly the purported marriage was illegal, Art. 4607, R.S., and contestant would have no preferential right to such appointments. This was the only controversial issue determinable in the probate court to qualify Strickland and disqualify Saros to act as temporary administrator and be appointed permanent administrator at the next ensuing term of the probate court.

On hearing, December 7, 1938, the probate court revoked the appointment of Henry Strickland as temporary administrator, and appointed one Henry Feld in his

stead, fixing Feld's bond and limiting his power and tenure until such contest be determined and a permanent administrator appointed with full power. Henry Feld qualified as temporary administrator and thereafter took charge of the estate, depriving Strickland of acting in the premises. Strickland appealed to the 101st District Court of Dallas County.

On appeal, contestant Sam Saros first interposed a plea to the jurisdiction of the district court, on the ground that the order revoking the appointment of Strickland, as temporary administrator, and appointing Feld was purely interlocutory, and that no final decree or judgment was ever entered in the county court from which appeal could lie; and that, under Art. 3378, R.S., the probate court was compelled to appoint a temporary administrator, in view of the contest filed by Saros; therefore, having appointed Feld under such circumstances, no appeal could lie to the district court. The court overruled the plea; thereupon, contestant Saros and proponent Strickland presented the same issues of contest as in the probate court.

On May 5, 1939, the cause was submitted to a jury and on findings, (1) that the deceased, Anita Martinez, was a negro, and (2) that the deceased and contestant Sam Saros were not man and wife of a common-law marriage, the district court entered judgment, revoking the appointment of Henry Feld as temporary administrator, restoring Henry Strickland, with full authority to exercise each and every power theretofore granted him by the probate court, and directing a mandatory injunction to issue against contestant Sam Saros, enjoining and commanding him, his agents, servants, counsellors, and employees to desist and refrain from interfering with the control of deceased's property by Strickland, and ordered the judgment transmitted to the probate court for observance. The contestant alone appeals.

The appeal is predicated on three propositions: (1) On the action of the trial court in overruling appellant's plea to the jurisdiction of the court; (2) on the action of the district court in admitting the testimony of William Daugherty, alleged brother of deceased, identifying deceased's handwriting in about thirty-five letters, allegedly received by him from her, in violation of the inhibitions in Art. 3716, R.S., precluding heirs from testifying to transactions and communications with a deceased person; and (3) on the action of the court in granting a mandatory injunction, absent submitted issues and findings of the jury on which such order might be based.

■ On the first proposition, it will be observed that the controversial issues, raised in the probate court by pleadings of the parties, were the same as those raised on appeal in the district court. Under Art. 3702, R.S., providing, "Such cases [probate cases on appeal] shall be tried de novo in the district court, and shall be governed by the same rules of procedure as other civil cases in said court," the appeal carried the whole case to the district court, to be tried as though brought in that court originally, without reference to its course in the lower court.

■ The function of a district court on appeal, fom a probate court, is, not to review but to try the case on its merits. Robertson v. National Spiritualists' Ass'n, Tex.Civ.App., 25 S.W.2d 889; Coats v. Bain, Tex.Civ.App., 258 S.W. 897. The district court has the same power the county court originally had, also appellate jurisdiction to revise, declare void and set aside the orders of the county court, sitting in probate. This includes power to allow all necessary amendments, intervention of new parties, admission of any evidence and other matters that might have been admissible and urged in the probate court, but which do not change the character of the proceedings. We therefore conclude that the district court had jurisdiction to determine all issues involved in this proceeding, and that Henry Strickland was, by the order of the probate court, an aggrieved party and had the right of appeal. His appointment as temporary administrator was revoked, and another appointed, which gave rise to a trial de novo in the district court.

Appellant's second proposition, involving the action of the district judge in admitting the testimony of William Daugherty (called as a witness by Strickland), identifying numerous letters claimed to have been written to him by deceased, in violation of Art. 3716, R.S., which provides: "In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the op-

posite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The assignment of error requires consideration of evidence, or the action of the trial court in the admission or rejection of the testimony. Such assignment cannot be considered on appeal in absence of full bills of exception or statement of facts, in question and answer form, where the matters complained of—the objections, the court's rulings, and exceptions thereto —clearly appear of record in said statement of facts, prepared by the official stenographer. Art. 2237, as amended, Acts 1939, 46th Leg., p. 215, Vernon's Ann.Civ. St. art. 2237.

The record reaches this Court without formal bills of exception or a statement of facts, in question and answer form, showing the matters complained of— objections and exceptions to the court's rulings on admission of William Daugherty's testimony. The purported statement of facts is in narrative form, comprising 153 pages, neither agreed to nor signed by appellee or his representative; and, attached thereto is the following certificate of the trial judge: "* * * during the trial of the case, by agreement of the parties, Sam Saros was permitted to make a blanket objection and reserved blanket bills of exceptions to the testimony of William Daugherty, the alleged brother of the deceased, on the grounds that his testimony and the identification of letters allegedly received by him from the deceased, constituted communications and transactions between an heir and a deceased person, and was in violation of the statute on that subject, and it was subject to such objection and exception; that all the letters shown in the foregoing statement of facts were admitted in evidence, and the foregoing is approved as a bill of exceptions to show that the court did over objection and exception overrule and not sustain the objection so made by Sam Saros as to the testimony of William Daugherty identifying her handwriting, and the action of the court in permitting the portions of said letters as were introduced to be read before the jury; and the ultimate time for the filing of this statement of facts both in the trial court and in the Court of Civil Appeals having drawn very near, time will not permit for the further preparation of a separate bill of exceptions, which is the reason for the court entering this certificate in the present form, that the appellant in this cause may have the full benefit of the objection made by him in the trial court."

It could hardly be said that the narrative statement of facts, certified as it is by the trial judge and filed in the cause, could be considered a bill of exceptions, absent notice to, or agreement of, the adverse party. Appellate courts will not be left to conjecture as to which of the numerous objections and exceptions are included in "blanket objections and blanket exceptions" as presented here for review, nor be required to wade through the statement of facts to ascertain what objections were made. The trial court is required to prepare and file bills of exception only where the parties disagree as to the matters complained of, and certainly appellee is allowed an opportunity to inspect any bill of exception and make objections thereto before same is filed as a part of the record in the cause. While the statute, Art. 2237, requires no particular form of words in a bill of exception, yet it does provide that "the objection to the ruling or action of the Court shall be stated with such circumstances, or so much of the evidence as may be necessary to explain, and no more, and the whole as briefly as possible"; or, that the exceptions to the action of the court shall be noted in the question and answer statement of facts, prepared by the official stenographer. Therefore, in the absence of a bill of exception presented in a manner required by law, this Court is not authorized to consider the assignment.

However, in resolving the question, courts generally apply the rule that the nature of the right asserted in the pleadings is the controlling factor, as to whether the testimony of an alleged heir is prohibited by Art. 3716. When an executor or administrator sues, or is sued in his representative capacity, to establish or defend a claim or right in an estate, clearly the testimony of an heir relating to communications and transactions with the deceased, is inhibited by the statute, supra; but, where the suit is one solely for or against an individual, in his individual capacity, which does not involve the estate, and in which judgment would not bind heirs, devisees and legatees in any right or claim they may have in the estate, the inhibitions of the statute have no application.

■ This suit is one by and against individuals: Henry Strickland's appointment as temporary administrator of the estate of Anita Martinez was revoked and another appointed. He was shorn of fiduciary authority. William Daugherty, the alleged brother, was not a party to the proceedings in either the probate or district court, having waived all rights he might have asserted in the administration of the estate. Sam Saros sought only to establish his right to administer the estate perforce of a common-law marriage with the deceased. The controversy, therefore, resolved itself into a contest between Strickland and Saros as to which should be appointed administrator of the estate. The right to appointment was personal to them and nowise involved the title to, or distribution of the estate among the heirs, devisees and legatees. If and when such contest arises, the statute provides that "the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives" of the deceased. We think that, if the assignment of error had been supported by a proper bill of exception, it would have presented no error in this proceeding.

■ The third assignment of error, directed to the action of the trial court in granting mandatory injunctive relief in aid of appellee's administration of the estate, in absence of findings of the jury that such was necessary, presents no error. There was no issue submitted to the jury, and none requested; so, in the absence of exceptions to the charge, or request for findings of fact, we must assume that the trial court's judgment was based on sufficient evidence. Certainly the assignment does not raise fundamental error. There was pleading for injunctive relief; therefore, we must assume the trial court found facts sufficient for his action. The assignment is overruled.

■ Obviously, the order appointing a temporary administrator of this estate was made by the probate court in vacation, terminable at its next regular term, and providing that if no contest was filed, the appointment should be made permanent. The next regular term of said court, of which all courts may take judicial cognizance, convened on the first Monday in January, 1939. The appeal from the order revoking the appointment of Henry Strickland and appointing Henry Feld as temporary administrator, was made on the contest having been filed by Sam Saros, before the convening of the next term of said court. The order appointing Feld limited his tenure as temporary administrator until the final determination of the contest. On appeal, the district court, on findings of the jury (June 26, 1939), determined the contest in favor of Strickland, and directed that he be reinstated as temporary administrator of said estate. Thus it appears that, after the appointment of Strickland as temporary administrator, the January, March and May, 1939, terms of the probate court convened, and no contest, either in the probate or district court—other than the one filed by Saros—was filed in said proceedings.

We think, in the absence of further contest, the district court had ample power to effectually appoint Strickland permanent administrator of said estate and fix his bond as the exigencies of the case demanded.

The proceedings having gone over more than three terms of the probate court without further contest, we think, under the findings of the jury, the appointment of Strickland should have been made permanent, fixing his bond as required by law, and certifying the action of the district court to the probate court for observance; accordingly, we reform, and as reformed affirm, the judgment of the court below, and direct that the district court appoint Henry Strickland permanent administrator of the estate of Anita Martinez, fix his bond as such, and certify the order as amended to the Probate Court of Dallas County for observance.

Judgment of the lower court reformed and, as reformed, affirmed.