## CHESNEY v. CHESNEY.

### No. 14835.

Court of Civil Appeals of Texas.

Dallas.

July 9, 1954.

Rehearing Denied July 30, 1954.

Burt Barr and J. Lee Zumwalt, Dallas, for appellant.

Virgil R. Sanders, Jr., and Bowyer, Gray, Thomas, Crozier & Harris, Dallas, for appellee.

CRAMER, Justice.

This is an appeal from the district court in a probate matter. On July 13, 1953 probate court upon application of appellant entered an order probating the will of Albert E. Chesney, deceased. On July 14 appellee, Mary Chesney, widow of the deceased, filed her motion for a new trial.

Appellant, mother of the deceased, answered the motion and after a hearing the probate judge on October 20 granted a motion for a new trial and from that order (if the same is appealable) appellant perfected her appeal to the district court.

The record shows that appellee on November 2 filed a motion in the district court to dismiss the alleged attempted appeal from the probate court's order granting a new trial, asserting no jurisdiction thereof in the district court since the probate court had complete control and authority over its orders entered at that term of court, and after the granting of the new trial no final appealable order existed from which an appeal could be taken to the district court. The district court after a hearing overruled the plea to the jurisdiction and after a hearing on the merits entered an order granting a new trial as prayed for originally in the probate court. From the district court order granting a new trial appellant has (if the judgment is appealable) duly perfected this appeal to this Court, here briefing three points of error as follows:

"(1) The will of Albert E. Chesney, deceased, was duly admitted to probate. There was no appeal from this judgment and it was therefore final. The district court was therefore without jurisdiction to grant a new trial and set aside said judgment. (2) The motion for new trial and to set aside the probating of the will of Albert E. Chesney, deceased, was not authorized or permitted by law. The district court therefore erred in granting said motion and setting aside said probating of said will. (3) The appellant filed application to the probate court to probate the will of Albert E. Chesney, deceased. The will was filed with the application. Due notice was given that the application would be heard on July 13, 1953. On July 7, 1953, appellee's attorney was informed in writing of the application to probate said will and the date of hearing thereon. On July 2, 1953, the appellee was appointed and qualified as temporary administrator of said estate. There was no contest of the application to probate said will. The appellee was therefore guilty of negligence; and the district court erred in granting her motion for a new trial; and the setting aside of the probating of said will."

Appellee countered these points in substance: (1) Probate court had inherent power regardless of any statute or rule to grant a new trial during the term the will was probated; therefore the district court also had such power on appeal therefrom; (2) the motion was authorized and therefore the district court did not err in granting the motion; (3) probate court within the term having granted a new trial and the district court on appeal having also granted a new trial as authorized by law, there is no appeal permitted appellant from the district court's action to this Court to review the district court's action.

The points and counter-points being briefed by the parties together, we will so consider them.

It is settled law that all orders made in the course of administration which are conclusive at the end of the term are treated as final judgments, from which an appeal may be taken to the district court. Holt's Simkins on Administration of Estates in Texas, 3d Ed., p. 42, sec. 21.

On appeal the district court's jurisdiction is appellate only. Arts. 1907 and 3291, Vernon's Ann.Civ.St.; Const. Art. 5, sec. 8, Vernon's Ann.St.; and the only question before the district court on appeal was the question that was before the county court. Huston v. Cole, 139 Tex. 150, 162 S.W.2d 404, syl. 5, p. 406 (Comm.App. opinion adopted by Supreme Court), and the trial is de novo. Texas Rules of Civil Procedure, rule 334; Saros v. Strickland, Tex.Civ.App., 148 S.W.2d 865 (dism. judg. cor.).

The probate court is a court of general jurisdiction. 24 Texas Dig., Judgment, p. 325, and cases there cited; Dallas Joint Stock Land Bank, etc. v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046, rehearing denied 130 Tex. 572, 112 S.W.2d 173. The probate court, being a court of general

jurisdiction in probate matters as such, had jurisdiction over its minutes and orders entered thereon during the term at which such orders and judgments were entered. Townes v. Lattimore, 114 Tex. 511, 272 S.W. 435; Moore v. Wooten, Tex. Com.App., 280 S.W. 742; Cheswick v. Moorhead, Tex.Civ.App., 224 S.W.2d 898.

■ The propriety of the order granting a new trial was in our opinion discretionary with the county court and the district court.

We have examined the record as a whole an find no abuse of discretion either by the county court or the district court. The serious question, however, is whether or not the district court and this Court had jurisdiction of the appeals, first, from the county court to the district court, and, second, from the district court to this this Court.

If the district court and this Court have jurisdiction, we, under the record here, must enter an order affirming the order of the district court; if not, we must reverse such order and here render judgment dismissing the appeal both to the district court and to this Court for want of jurisdiction. Art. 3291, V.A.C.S., gives the right of appeal to the district court from any order, decision or decree of the county court, where an order would be held conclusive of the controverted question or right, unless set aside by an appellate or revisory proceeding. The particular question here, however, has been passed upon directly by our Supreme Court in Lehman v. Gajewsky, 75 Tex. 566, 12 S.W. 1122. Our Supreme Court stated:

"The statute provides that 'any person who may consider himself aggrieved by any decision, order, or judgment of the court, or by any order of the judge thereof, may appeal to the district court, as a matter of right, without bond.' Rev.St. art. 2707 [Vernon's Ann.Civ.St. art. 4318]. This statute doubtless has application only to such decisions, orders, or judgments as at the end of a term would be held conclusive, as adjudicative of some controverted question or right, unless set aside by some proceeding appellate or revisory in its nature. The question between the parties in this case is, has appellant delivered to appellee all property and funds which he ought as guardian to deliver? Has he complied with his obligation as guardian? He reported to the court that he had, and offered as evidence of that fact the written acknowledgment of appellee; and on this the court directed his discharge. The county court, however, had power, as have all other courts, during the term at which that order was made, to set it aside, if such course was shown to be proper; and of this that court was the sole judge. In the exercise of that power, the order directing the discharge of the guardian was set aside; and the matter now stands in that court as though the order had not been entered. There is no order final in its nature, decisive of any issue between the parties; and until such an order exists there is nothing which can be appealed from."

■ We must, under such authority, hold that the order of the probate court granting a new trial was not an appealable order under Art. 3291, V.A.C.S., and that, therefore, the district court had no jurisdiction of an appeal from such order and, since the district court had no jurisdiction, we have no jurisdiction of the appeal from the district court. The judgment of the district court is therefore reversed and here rendered dismissing the appeal from the county court to the district court for want of jurisdiction, and also this appeal from the district court is dismissed for want of jurisdiction.

Reversed and rendered.