A. & M. COLLEGE OF TEXAS et al.,
Appellants,

v.

Mozelle Dyer GUINN et al., Appellees.

No. 10318.

Court of Civil Appeals of Texas.

Austin.

May 11, 1955.

Rehearing Denied June 1, 1955.

374

John Ben Shepperd, Atty. Gen., Will D. Davis, Asst. Atty. Gen., Runge, Hardeman, Smith & Foy, Wilson, Wilson & Logan, San Angelo, for appellant.

Kerr & Gayer, Upton, Upton, Baker & Griffis, Craig Porter, San Angelo, for appellee.

HUGHES, Justice.

William A. Guinn died December 27, 1950, leaving an instrument which purports to be his will and we will refer to it herein as such.

This appeal relates not to the validity of the will itself but rather to the validity of proceedings and steps taken relative to its probate.

Appellants are A. & M. College of Texas and Texas Technological College who are beneficiaries under the will of Mr. Guinn and are seeking its probate.

Appellees are Mozelle Dyer Guinn, widow of decedent and Bill Guinn, and Jimmie Jean [Guinn] Edwards, children of a deceasd brother of decedent, and Jack Edwards, husband of Jimmie Jean, all of whom oppose the probate of the will.

Before detailing the various proceedings taken in the courts below we will state the general positions of the parties, as we understand them.

Appellees' overall contention is that the will has never been probated, or denied probate, in the Probate Court of Irion County, where it was offered for probate, and that until such court either admits or refuses to admit the will to probate that all other proceedings relating thereto are premature.[1]

1. We are advised by appellees that on March 9, 1955, subsequent to the judgment from which this appeal was taken, the Probate Court of Irion County rendered and entered judgment refusing to admit the will to probate. Our opinion will be written without regard for this fact except insofar as direct reference may be made to it in disposing of appellees' suggestion that this case is now moot.

Appellants' overall contention is that the will has been probated in the County Court and that the validity of all other proceedings should be determined in view of such fact.

The will was filed for probate by the San Angelo National Bank of San Angelo, Texas, named executor therein, on January 4, 1951, in the Irion County Court where it bore file No. 218.

After due notice the will was admitted to probate on February 16, 1951.

On March 2, 1951, the County Judge of Irion County, pursuant to a stipulation signed by the attorneys for the executor Bank and appellee, Mrs Guinn, entered an order setting aside the February 16, 1951, order admitting the will to probate.

The validity of this order is the crux of this case for if this order is valid then the will has never been probated in the County Court. If the order is invalid then the will has been probated and the course of subsequent proceedings is controlled thereby.

The validity of such order of March 2nd is brought into question by the following events:

On March 7, 1951, the Attorney General, acting on behalf of A. & M. College requested the County Judge to withdraw his order of March 2nd.

This request not having been acted on by the County Judge appellants on April 2, 1951, filed in the District Court of Irion County, Cause No. 669, a petition for writ of certiorari to the County Court directing the clerk of that court to prepare a transcript of all proceedings in Cause 218 and praying that said cause be tried de novo in the District Court and that judgment be entered vacating the order of March 2nd and "reinstating and affirming as a valid judgment the order of the County Court of Irion County, Texas; made and entered on February 16, 1951, admitting to probate the instrument proved before said court as being the last will and testament of William A. Guinn, deceased."

The certiorari proceedings having been perfected the District Court of Irion County, in Cause 669, on September 3, 1951, a Special Judge presiding, entered an order finding that the order of March 2nd, setting aside the probate order, was "* * * made without legal authority, is null and void as a matter of law and is hereby set aside, overruled and vacated. * * *"

No appeal was taken from this judgment. If it is a valid subsisting judgment then the order of March 2nd is vacated and the order probating the will stands.

Somewhat parallel proceedings, from which this appeal directly comes, originated by the filing of a suit, No. 219, in the County Court of Irion County on March 22, 1951, by appellee, Mrs. Guinn, against appellants and others in which she alleged "without waiving the order of March 2, 1951, of said County Court setting aside the order admitting said instrument to probate, but still insisting on the same" and then proceeded to plead facts sufficient, if established, to destroy the instrument as a will.

On October 16, 1951, the County Judge of Irion County, in Cause No. 219, entered an order sustaining the contest filed by Mrs. Guinn and set aside his previous order of February 16, 1951, admitting the will to probate.

An appeal was taken from this judgment to the District Court of Irion County and docketed as Cause No. 676.

On November 16, 1954, in Cause No. 676, the District Court entered an order dismissing the appeal from the County Court on the ground that it had no jurisdiction over the subject matter of the appeal. The apparent basis for this ruling was that the will had never been probated or denied probate by the County Court and that its original jurisdiction in such matter is exclusive.

It is from the order described in the preceding paragraph that this appeal is taken.

There is no statement of facts and we would be somewhat mystified as to why the parties were struggling so hard over these

procedural matters except that upon oral submission we were advised that this is a case in which the party having the burden of proof is considered to be under great disadvantage.

It is our opinion that the judgment of the trial court, from which this appeal is taken, should be affirmed.

■ We have, on our own initiative, had the record supplemented by a certificate from the County Clerk of Irion County showing that terms of the County Court convene on the first Mondays in February, May, August and November, respectively. As to probate matters a term ends on commencement of the succeeding term. In re Campbell's Estate, Tex.Civ.App., Galveston, 181 S.W.2d 712, writ ref., W.O.M.

■ It is elemental that a court of general jurisdiction has inherent power and control over its judgments during the term at which they were rendered. Cohen v. Moore, 101 Tex. 45, 104 S.W. 1053. The Probate Court is a court of general jurisdiction. It has authority, during term time, to grant a new trial in a proceeding to probate a will and such order is not appealable. Chesney v. Chesney, Tex.Civ.App., Dallas, 270 S.W.2d 464, writ ref., N.R.E.

■ It is obvious, therefore, that the only jurisdiction which the District Court had on appeal in Probate Cause No. 218, District Court No. 669, was to dismiss the appeal. Chesney v. Chesney, supra.

■ The judgment of the District Court in Cause No. 669 is also invalid for a vice which appears upon the face of the judgment record in that the judgment affirmatively discloses that it is but an attempt to review and correct errors committed by the Probate Court. The District Court in the exercise of its appellate jurisdiction in probate matters from the County Court does not have this authority. It must grant and conduct a trial de novo. Rules 334, 350, T.R.C.P. By this is meant that the trial should be conducted as if the suit had been originally brought in that court and it, the District Court, may neither affirm nor reverse the order of the County Court from which the appeal is taken. McDonald v. Edwards, 137 Tex. 423, 153 S.W.2d 567, Pruett v. Hamilton, Tex.Civ.App., Austin, 263 S.W.2d 193, writ ref., N.R.E. In appeal by certiorari proceedings, however, the issues must be confined to the grounds of error specified in the application for the writ. Rule 350, supra.

The only justiciable matter before the Probate Court in Cause 218 was whether Mr. Guinn's purported will was valid and entitled to probate. The probate court, and only the probate court, had original jurisdiction to determine this matter. Until it acted no other court had power or jurisdiction to interfere with or usurp the functions of the Probate Court. The attempt of the District Court in Cause 669 to vacate the order of the Probate Court in granting a new trial in Cause No. 218 which had the effect of affirming the order probating the will was in excess of its jurisdiction and powers and, in our opinion, is void.

Appellants argue that it must be "conclusively presumed" that the order of March 2nd of the Probate Court was entered in vacation and that it was not an order granting a new trial if necessary to sustain the District Court's judgment in the certiorari proceedings in Cause 669, this upon the theory that the present proceedings (Probate Court Cause 219, District Court Cause 676) are a collateral attack upon the judgment in Cause 669.

If we must make such conclusive presumptions they would be conclusively erroneous.

■ The order of March 2nd was made at the February term of the County Court, the same term at which the will was admitted to probate. This we know from a certificate of the clerk of that court. This the Judge of that court judicially knew when the March 2nd order was entered since every Judge judicially knows the terms of his own court. In Saros v. Strickland, Tex.Civ.App., Dallas, 148 S.W.2d 865, 869, writ dism, cor. judgm., it was held that "all courts may take judicial cognizance" of the terms of the Probate Court. Cer-

tainly, it seems to us, appellate courts should have judicial knowledge of facts judicially known to the court from which the appeal is taken. See McCormick on Evidence, Secs. 327 and 330.

There are at least two other reasons for holding that the order of March 2nd was made at the same term of court during which the will was probated (1) the general presumption in favor of the regularity and legality of judicial proceedings in the absence of any showing to the contrary. 3B Tex.Jur. p. 834. (2) Since Art. 1961, V. A.C.S., a general law of which all courts have judicial knowledge, providing that terms of county courts shall be held on the first Mondays in February, May, August and November until otherwise provided and there is no evidence that any change has been made it will be presumed to be in effect since "It is * * * true that a law or a condition once proven or known to exist will be presumed, in the absence of evidence to the contrary, to have continued in effect." Martinez v. Gutierrez, Tex.Com.App., 66 S.W.2d 678, 684.

It is equally as certain that the order of March 2nd was in effect an order granting a new trial. Lehman v. Gajewsky, 75 Tex. 566, 12 S.W. 1122, Smith v. Thornton, Tex.Com.App., 119 Tex. 344, 29 S.W. 2d 314.

We cannot agree with appellants that this proceeding is in anywise a collateral attack upon any order or judgment previously entered by either the Probate or District Court relating to the attempt to probate the will of Mr. Guinn. It is a proceeding obviously under Art. 5534, V.A. C.S., providing for the institution of independent suits to contest the validity of a will "which shall have been probated." This is a direct, not a collateral, proceeding. Boyd v. Frost Nat. Bank, 145 Tex. 206, 196 S.W.2d 497, 168 A.L.R. 1326.

When it was made to appear that the will had never been probated in the County Court it was properly held that there was no basis for a suit under Art. 5534 and

the court below was not in error in holding that it was without jurisdiction to entertain the suit.

Appellants have attempted to plead and show by allegations in certain pleadings of Mrs. Guinn that she is estopped to contend that the will was not duly probated in the County Court on February 16. We will not analyze these contentions fully because we fail to find all of the elements of estoppel present in that the representation that the will had been probated, if made, was not calculated to mislead anyone in face of the record before the court showing that it had not been admitted to probate. Furthermore it is not claimed that estoppel should be invoked against other appellees who are interested in denying probate to the will.

Appellees' Motion to Dismiss this appeal because of defects in the transcript is overruled. Such defects, if any, have been cured by supplemental transcripts filed in this Court.

Appellees' suggestion that the matters in controversy in this appeal is moot because of the proceedings mentioned in footnote 1, supra, has been noted, considered and rejected.

The judgment of the trial court is affirmed.

On Motion for Rehearing

Contrary to the statement made by us in disposing of the plea of judicial estoppel appellants contend that all appellees, not just Mrs. Guinn, are so estopped.

We still find it unnecessary to review all of the pleadings and their amendments in order to decide this question because, in our opinion, the rule is inapplicable.

The judgment in Cause 669, even though void, was nonetheless a judgment which no prudent lawyer would ignore and all parties have asserted or assumed its validity upon occasion. All facts were known to all parties. There has been no concealment or misrepresentation of facts and no party has gained any substantial advantage or suffered any serious detriment

as a result of what amounted to, at most, indecision concerning a matter of law.

Estoppel is invoked to prevent injustice. To apply the doctrine here would cause injustice. This we refuse to do.

Appellants also contend that we have clothed the county court judgment with a presumption of regularity and validity but have denied such presumption to the judgment of the district court in Cause 669.

The answer to this is that presumptions disappear in the light of undisputed facts.

The motion is overruled.