Gertrude Clara (Trudy) CARTER,
Appellant,

v.

Clyde T. CARTER, Joint Administrator
of the Estate of Harry Lee Carter,
Deceased, Appellee.

No. 16176.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 14, 1979.

Rehearing Denied Dec. 12, 1979.

Walter C. Wolff, Jr., Wolff & Wolff, W. Pat Camp, Robert C. Patterson, San Antonio, for appellant.

James Ingram, Soules & McCamish, Pat Maloney, Jack Pasqual, George Le Grand, Joe Frazier Brown, San Antonio, for appellee.

OPINION

KLINGEMAN, Justice.

This is an appeal by Gertrude Clara (Trudy) Carter of an order of the County Court No. Four of Bexar County, Texas, overruling her motion to transfer, and refusing to transfer the cause to Dallas County, Texas. The order does not pass on the merits of the case.

Harry Lee Carter died on January 27, 1977. Appellant proffered his alleged will for probate in Dallas County, Texas. Appellee and others filed a contest. On June 9, 1977, a settlement agreement was entered into among the heirs involved, including appellant, in open court, in Probate Court No. Two in Dallas County, Texas. In such settlement agreement, appellant was awarded various properties including certain oil, gas and mineral properties in Atascosa and McMullen Counties, Texas, and in such agreement appellant also agreed to give up any rights she might have to be an administratrix of such estate and agreed that such estate could be transferred to Bexar County, Texas. Pursuant to such settlement agreement, an order was made by the Dallas Probate Court transferring all proceedings in the Estate of Harry Lee Carter to County Court at Law No. Four of Bexar County sitting in probate. On June 16, 1978, appellee, Clyde T. Carter, Administrator of the Estate of Harry Lee Carter, filed in such court a "Motion for Order to Determine Title," alleging that a bona fide dispute existed between the administrator and appellant concerning the title and ownership of some of the oil, gas and mineral properties in Atascosa and McMullen Counties, and that the best interest of the estate would be served by an order adjudicating

ownership and title to such oil, gas and mineral properties. Appellant filed a plea of privilege and an answer thereto asserting that she was a defendant in the suit and was entitled to be sued in Dallas County, Texas, the county of her residence. Appellee filed a controverting plea asserting that this was not an order in which the general venue statutes, Article 1995, Texas Revised Civil Statutes, applied and was not a suit as envisioned by Rule 86 of the Texas Rules of Civil Procedure. On August 21, 1977, appellee withdrew his motion for an order determining title. On September 8, 1978, appellant filed her motion to transfer the suit here involved, which was overruled by the trial court.[1] It is from this order that the appellant has perfected her appeal.

By one point of error, appellant asserts that the trial court erred in overruling and denying her motion to transfer to Dallas County, Texas, that portion of the cause pertaining to appellant's request for affirmative relief requested in response to appellee's motion for an order determining title. By reply points, appellee asserts that (1) this court lacks jurisdiction of this appeal of the interlocutory order; (2) the trial court was correct in overruling appellant's motion for order to transfer cause to Dallas County, Texas; and (3) the County Court at Law No. Four of Bexar County has exclusive jurisdiction of all matters incidental to the Estate of Harry Lee Carter, Deceased.

Appellant's basic contentions are (a) the proceedings filed by appellee are adversary in nature; that she is a party defendant in such proceeding; and, that, under the general venue statutes, venue is proper in Dallas County, Texas; (b) her pleading and response to appellee's motion to determine title seeks affirmative relief and that the nonsuit taken by appellee could not affect her claim for affirmative relief which should be tried in Dallas County, Texas; (c) by taking a nonsuit, appellee waived his right to maintain venue in Bexar County and admitted that venue should be changed to Dallas County.

. Since appellee questions the jurisdiction of this court to hear such appeal, we will first consider his contention that the order sought to be appealed from is not a final judgment but is an interlocutory judgment and is not appealable.

An extensive discussion of final judgments and interlocutory judgments is contained in 4 R. McDonald, Texas Civil Practice § 17.03.1 (rev.1971), wherein it is stated:

> In appellate practice, Texas, like most other states, has imported from the writ of error practice of the common law, the rule, which was not founded in equity, that in the absence of special enabling statutes the appellate courts will review only 'final' judgments. 'The general rule . . . is, that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court has power to dispose of it.'

*Id.* at 17.03.2; *see Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 892 (1956).

■ Appeals in probate matters are distinguishable from the usual appeals in civil cases. *Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965); *Allied Drugs Products v. Seale,* 49 S.W.2d 704 (Tex. Comm'n App. 1932, judgmnt adopted).

Pertinent portions of the Probate Code are as follows:

> Sec. 5(d) All courts exercising original probate jurisdiction shall have the power to hear all matters incident to an estate, including but not limited to, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an es-

1. Subsequent to the transfer of the proceedings in the Estate of Harry Lee Carter to Bexar County, Texas, appellant filed a motion in the Bexar County Court to have such cause re-transferred to Dallas County, Texas. Such motion was overruled by the Bexar County Court and no appeal was taken from such order and the time for an appeal, if any, has expired.

tate, and actions to construe wills. . .

(e) All final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals.

Tex.Prob.Code Ann. § 5 (Vernon Supp. 1978–1979).

Prior to the revision in 1975, Section 28 also pertained to appeals from probate courts. Such revision deleted the following portion of Section 28: "Any person who may consider himself aggrieved by any decision, order, decree, or judgment of the court shall have the right to appeal therefrom to the district court of the county." Tex.Prob.Code Ann. § 28 (Vernon 1956). Section 5(e) now specifically provides that all final orders shall be appealable to the Court of Civil Appeals.

That portion of Section 28 which was deleted appears to give a broader power of appeal than Section 5(e) in that there is no specific restriction in Section 28 to "final orders." The Supreme Court in construing Section 28 in *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213 (1960), held:

Under Section 28 of the Probate Code, formerly Article 3698, Revised Civil Statutes of Texas, in order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceedings was brought. See *Halbert v. Alford*, 82 Tex. 297, 17 S.W. 595. We interpret Section 28, supra, to mean that it has application only to such decisions, orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. See *Lehman v. Gajewsky*, 75 Tex. 566, 12 S.W. 1122.

This court in *Stutts v. Stovall*, 531 S.W.2d 690 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.), in holding that an order sought to be appealed from was not a final order as provided for under Section 5(e) and was not appealable, stated:

The authority to appeal from an order of the Probate Court is now granted exclusively by § 5(e) of the Texas Probate Code, Tex.Rev.Civ.Stat.Ann., as amended effective June 21, 1975, which provides: 'All final orders of any court exercising original probate jurisdiction shall be appealable to the court of (civil) appeals.' The 1975 revision of the Probate Court [sic] also amended § 28 by deleting a broader right of appeal from the Code. [Footnote omitted.] This revision was adopted subsequent to the decision in *Cherry v. Reed*, 512 S.W.2d 705 (Tex.Civ. App., Houston (1st) 1974, writ ref'd n.r. e.). It apparently was passed by the legislature to reconcile the somewhat inconsistent language between § 5 and § 28 of the Code.

*Id.* at 691.

In addition to the cases hereinbefore discussed, there are other decisions which we regard as in point. In *Powell v. Hartnett*, 521 S.W.2d 896 (Tex.Civ.App.—Eastland 1975, no writ), an order of the probate court directing the defendant to deliver certain monies and notes to a successor administrator of the estate was held to be an interlocutory order and not a final judgment, and the appeal was dismissed. In *Long v. Humble Oil & Refining Company*, 380 S.W.2d 554 (Tex.1964), the question involved was whether or not an appeal lay to the court of civil appeals from an order of the court sustaining a motion for change of venue predicated upon the provisions of Rule 257, Tex.R.Civ.P. The court of civil appeals had held that the order was an interlocutory one and not appealable. The Supreme Court of Texas affirmed, holding that such order was not appealable. The court in *Guillory v. Davis*, 530 S.W.2d 870 (Tex.Civ.App.— Beaumont 1975, writ dism'd) held that an order transferring a suit under the Family Code was an interlocutory order and not appealable and the appeal was dismissed. The court pointed out that there was no statutory authority for such type of appeal and that in the absence of such statutory authority, an appeal lies only from a final

judgment. In *Chesney v. Chesney*, 270 S.W.2d 464 (Tex.Civ.App.—Dallas 1954, writ ref'd n.r.e.), the court held that a probate court's order granting a new trial in a proceeding to probate a will was not an appealable order under the then existing statute giving right of appeal to the district court from an order, decision, or decree of a probate court which would be held conclusive of the controverting question or right unless set aside by an appellate or revisory proceeding. See also, *Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385 (1945).

 By statute, certain orders of the trial court may be appealed despite their interlocutory nature. See examples in 4 R. McDonald, Tex.Civ.Practice § 17.03.2 (rev. 1971). However, the rule is well settled in Texas that an interlocutory order is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 995 (1944).

The appeal here involved is an appeal from an order of the probate court, which appeal is governed by the provisions of the Probate Code and not by the general venue statutes. We find no statutory authority in the Probate Code or otherwise authorizing the type of appeal here involved.

The record discloses that pursuant to a settlement agreement entered into by all the parties involved, including appellant, the Probate Court of Dallas County, Texas, transferred all proceedings in the Estate of Harry Lee Carter to County Court at Law No. Four of Bexar County, sitting in Probate. Thereafter, the acting administrator of the Estate of Harry Lee Carter filed a motion for such court to determine certain questions of title and ownership to some oil, gas and mineral interests in Atascosa and McMullen Counties awarded to appellant in the settlement agreement. As reflected by the record before us this was the only matter in controversy between appellant and appellee. Appellant thereafter filed a motion to transfer such proceedings to the County Court of Dallas County which was denied by the trial court. This is the order here under attack. The order of the County Court here sought to be appealed does not pass on or adjudicate the question of title and ownership of the mineral interests in controversy and there has been no final adjudication of this controverted matter.

At best, the order from which appellant attempted to appeal simply adjudicates a part of a single cause and leaves part of the cause untried and unadjudicated. It is not an appealable judgment and this court has no power to review the same. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 501 S.W.2d 875 (Tex.1973); *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970).

We have concluded that the order sought to be appealed is not an appealable judgment. It is an interlocutory rather than a final order, and is not the type of interlocutory order made appealable by statute. Under the record and applicable authorities hereinbefore discussed, we have no jurisdiction of this appeal.

The appeal is dismissed.