Carolyn **ALLEN**, Appellant,

v.

**INTERCAPITAL LODGE LIMITED PARTNERSHIP**, Appellee.

No. 14–00–00211–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 26, 2001.

Rehearing Overruled Feb. 14, 2002.

Sidney Farr, Houston, for appellant.

Nathan M. Rymer, Marvin C. Moos, David P. O'Neal, Houston, for appellee.

Panel consists of Justices EDELMAN, FROST, and MURPHY.*

### OPINION

EDELMAN, Justice.

Carolyn Allen appeals a summary judgment entered in favor of Intercapital Lodge Limited Partnership ("Intercapital") on the ground that the evidence

---

* Senior Chief Justice Paul C. Murphy sitting by assignment.

raised fact issues as to whether the statute of limitations was tolled. We reverse and remand.

## Background

On October 27, 1997, Allen filed suit (the "first lawsuit") in a Harris County Civil Court at Law (the "county court") against Intercapital for conversion and negligence. On November 10, a return of citation was filed by Deputy Constable Chip Littler stating that service had been effected on Intercapital on November 6. A written order dismissing the case for want of subject matter jurisdiction was signed on March 10, 1998.[1]

On May 4, 1998, Allen filed the current suit (the "second lawsuit") against Intercapital in Harris County District Court (the "district court") alleging conversion and negligence. Intercapital filed a motion for summary judgment alleging that Allen's causes of action were barred by the statute of limitations, and the trial court granted the motion.

## Standard of Review

■■■ A summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or response. TEX.R. CIV. P. 166a(c). When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996). If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provi-

sion's application to show his entitlement to summary judgment. *Id.* In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge all reasonable inferences in the nonmovant's favor. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999).

## Statute of Limitations

Section 16.064 of the Texas Civil Practices and Remedies Code states, in part:

> The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if: (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed ...; and (2) not later than the 60th day after the date the dismissal ... becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REM.CODE ANN. § 16.064 (Vernon 1997).

It is undisputed in this case that the first and second lawsuits are the "same action" for purposes of section 16.064, that the first lawsuit was dismissed for lack of jurisdiction, and that the second lawsuit was filed within sixty days of the date that dismissal became final. However, Intercapital argues that section 16.064 does not apply to toll limitations because citation was never served in the first suit on anyone who was authorized to receive service of process on behalf of the partnership.

■■■ Allen's third issue[2] contends that the mere filing of the first lawsuit, even

---

1. According to the affidavit of Allen's trial counsel, the county court suit was dismissed for want of jurisdiction because the amount in

controversy exceeded the jurisdictional limits of the court.

2. We address the third issue first to facilitate an orderly presentation of the issues.

without effecting service, satisfied section 16.064 because its language refers only to *filing* the first action in a trial court, *i.e.*, not to bringing or commencing it, which would also include serving citation. However, the mere filing of a suit will not interrupt or toll the running of limitations unless a plaintiff exercises due diligence[3] in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970).[4] Therefore, we read the first clause of section 16.064, referring to filing of the first action, as describing only the period in which limitations is tolled, if at all, not the requirements necessary to achieve the tolling. Because we thus conclude that the filing of the first lawsuit could only toll limitations if service was also effected (which we address below), Allen's third issue is overruled.

 Allen's first two issues contend that a fact issue exists whether limitations were tolled under section 16.064, particularly with regard to the irregularities concerning the return of citation. The citation in this case directed service to be made on Intercapital by serving its registered agent, Paul Austin. However, the return of citation has the name "Paul Crutcher, V.P." handwritten in the space labeled "NAME" and is dated November 6, 1997. In response to Intercapital's allegation that it was never served in the first lawsuit, Allen attached to her supplemental summary judgment response the affida-

vit of Deputy Littler, which states that "[he] served Paul Austin, the registered agent of [Intercapital] on November 6, 1997 . . ."[5] If Deputy Littler's affidavit is taken as true, as we must for summary judgment purposes, it would be evidence of proper service on Intercapital and thus compliance with section 16.064. Because a fact issue therefore exists regarding service in the first lawsuit which, in turn, affects whether limitations were tolled under section 16.064, we sustain Allen's first two issues, reverse the trial court's judgment, and remand this case for further proceedings.

---

3. Ordinarily, due diligence becomes an issue where issuance or service of citation is delayed but eventually accomplished properly. In this case, there was no delay in issuance or service, but only an issue whether service was ever effected at all, *i.e.*, on a person who was authorized to receive it.

4. Moreover, if as Allen contends, limitations could be tolled by the mere filing of suit without service, limitations could be tolled

indefinitely by a plaintiff without a defendant's knowledge. We are unaware of any authority or rationale for a tolling provision operating in that manner.

5. It is the fact of service, not the accuracy of the return form, which gives the court jurisdiction over the defendant. *Walker v. Brodhead*, 828 S.W.2d 278, 282 (Tex.App.—Austin 1992, writ denied).