In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00061-CV

                                                ______________________________

 

 

                           EDWIN ROSCOE WILLIAMS, JR.,
Appellant

 

                                                                V.

 

                                    JAMES N. E. WILLIAMS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 2

                                                             Gregg County, Texas

                                                       Trial Court
No. 94-000316-P

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Prior to his
death in 1987, Edwin Roscoe Williams left his will “to an attorney in Houston
to be probated.”  In 1994, Edwin’s
brother James N. E. Williams discovered that the attorney had not initiated
probate proceedings.  James filed the
will, and it was probated as a muniment of title.  The will named James as administrator of the
estate, bequeathed assets remaining after payment of debt to children Audwin
Glenn Williams and Jacqueline Kay Williams McClendon, and specified that no
provision was made to “any other child or children.”  In addition, no assets were left to Edwin’s
wife.  

            In
2010, Edwin’s son from a previous marriage, Edwin Roscoe[1]
Williams, Jr., filed a “will contest and motion to set aside order admitting
will for probate as a muniment of title.”   
Roscoe’s contest alleged that the trial court lacked jurisdiction to
admit the will to probate more than four years after Edwin’s death.  James asserted in a motion for summary
judgment that Roscoe’s collateral attack on the order admitting the will to
probate, filed more than sixteen years after the order, was barred by the
statute of limitations.  In response,
Roscoe argued that the discovery rule applied because James had fraudulently
informed the court that Edwin had never been divorced in the “proof of death
and other facts.”  Roscoe also alleged
that the transfer of assets was fraudulent because he had never received notice
of the proceedings and because “the Will was not self-proving on its face and
[was] admitted based upon deliberate false information.”  Roscoe appeals the trial court’s order
granting James’ summary judgment and ordering that Roscoe take nothing by way
of his claims.  

I.         Standard of Review

 

            We review de
novo the grant of a traditional motion for summary judgment.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  To prevail on a motion for summary judgment,
the movant must conclusively establish the absence of any genuine question of
material fact and that judgment is available as a matter of law.  Tex. R.
Civ. P. 166a(c); Browning v.
Prostok, 165 S.W.3d 336, 344 (Tex. 2005).  A defendant moving for summary judgment must
conclusively negate at least one element of the plaintiff’s theory of recovery
or plead and conclusively establish each element of an affirmative defense.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  If the defendant establishes his or her right
to summary judgment, the burden shifts to the plaintiff to raise a genuine
issue of material fact.  Id. 


            The question
on appeal here is not whether the summary judgment proof raises a fact issue
with reference to the essential elements of Roscoe’s cause of action, but
whether the summary judgment proof establishes that James is entitled to
judgment as a matter of law.  French v. Gill, 252 S.W.3d 748, 751
(Tex. App.—Texarkana 2008, pet. denied) (citing Gonzalez v. Mission Am. Ins. Co., 795 S.W.2d 734, 736 (Tex. 1990)).
 In reviewing a summary judgment, we take
as true all evidence favorable to the nonmovant, indulge every reasonable inference
in favor of the nonmovant, and resolve any doubts in the nonmovant’s favor.  Sudan v.
Sudan, 199 S.W.3d 291, 292 (Tex. 2006). 
If the nonmovant asserts that the statute of limitations has been
tolled, it becomes the movant’s burden to “conclusively negate the tolling
provision’s application” before summary judgment may be awarded.  French,
252 S.W.3d at 751 (quoting Allen v.
Intercapital Lodge Ltd. P’ship, 66 S.W.3d 351, 353 (Tex. App.—Houston [14th
Dist.] 2001, pet. denied)).

II.       Application 

 

            “No will
shall be admitted to probate after the lapse of four years from the death of
the testator unless it be shown by proof that the party applying for such
probate was not in default in failing to present the same for probate within
the four years aforesaid.”  Tex. Prob. Code Ann. § 73 (West
2003).  Roscoe argued that the trial
court erred in admitting the will for probate in 1994 without “proof that
Defendant was not in default” and that, therefore, the court was without
jurisdiction to admit the will for probate. 
However, James averred in the “proof of death and other facts” that
Edwin’s will “was turned over to an attorney in Houston to be probated.  Applicant only recently discovered that no
action had been taken by said attorney.” 
At the time the court admitted the will for probate, it found James’
statement true and recited “that all the necessary proof required for probate
of the will” was made.  James’ contention
sought to demonstrate that he was not in default in failing to present the will
for probate within four years of Edwin’s death because he believed the will
would be probated by the attorney.  The
contention was not contested prior to the order admitting the will for probate
as a muniment of title.  

            The argument was
not raised until 2010 in the form of a will contest.[2]  Section 93 of the Texas Probate Code
provides:

After
a will has been admitted to probate, any interested person may institute suit
in the proper court to contest the validity thereof, within two years after
such will shall have been admitted to probate, and not afterward, except that
any interested person may institute suit in the proper court to cancel a will
for forgery or other fraud within two years after the discovery of such forgery
or fraud, and not afterward. Provided, however, that incapacitated persons
shall have two years after the removal of their disabilities within which to
institute such contest.

 

Tex. Prob. Code Ann.
§ 93 (West 2003).  The “will contest and
motion to set aside order admitting will for probate” was filed outside the
permissible statute of limitations.  

            Roscoe
alleged that the Section 93 limitations period was tolled by fraudulent
statements made by James in the proof of death and other facts.  The discovery rule applies in cases of fraud,
fraudulent concealment, and in other cases where the nature of the injury is
inherently undiscoverable.  Murphy v. Campbell, 964 S.W.2d 265, 270
(Tex. 1997).  However, Roscoe testified
under oath that he discovered the existence of the will “between 1990 and 2000.”  He further admitted that he had “spoke[n] to
an attorney that said [Edwin] turned [the will] over to him.”  An action to set aside a final probate of a
will as a muniment of title cannot be maintained when the action is not filed
until sixteen years after probate of the will and approximately ten years after
the plaintiff discovered that the will had been probated.  Fortinberry
v. Fortinberry, 326 S.W.2d 717, 720 (Tex. Civ. App.—Waco 1959, writ ref’d
n.r.e.). 

            We find that
James established his entitlement to summary judgment as a matter of law.  

III.      Conclusion 

 

            We
affirm the trial court’s judgment. 

 

 

            

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          November
21, 2011

Date Decided:             December
14, 2011

 

 

 

 

 

 











[1]We
refer to Edwin Roscoe Williams, Jr., as “Roscoe” to avoid confusion with the
name of the decedent. 





[2]Roscoe’s
“will contest and motion to set aside order admitting will for probate,” which
was filed under the same cause number as the probate proceeding, was not a
collateral attack upon the order.  A. & M. College of Tex. v. Guinn,
280 S.W.2d 373, 377 (Tex. Civ. App.—Austin 1955, writ ref’d n.r.e.).  Therefore, this is a direct, not a
collateral, proceeding.  Id.