

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00061-CV

_____

EDWIN ROSCOE WILLIAMS, JR., Appellant

V.

JAMES N. E. WILLIAMS, Appellee

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 94-000316-P

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Prior to his death in 1987, Edwin Roscoe Williams left his will "to an attorney in Houston to be probated." In 1994, Edwin's brother James N. E. Williams discovered that the attorney had not initiated probate proceedings. James filed the will, and it was probated as a muniment of title. The will named James as administrator of the estate, bequeathed assets remaining after payment of debt to children Audwin Glenn Williams and Jacqueline Kay Williams McClendon, and specified that no provision was made to "any other child or children." In addition, no assets were left to Edwin's wife.

In 2010, Edwin's son from a previous marriage, Edwin Roscoe[1] Williams, Jr., filed a "will contest and motion to set aside order admitting will for probate as a muniment of title." Roscoe's contest alleged that the trial court lacked jurisdiction to admit the will to probate more than four years after Edwin's death. James asserted in a motion for summary judgment that Roscoe's collateral attack on the order admitting the will to probate, filed more than sixteen years after the order, was barred by the statute of limitations. In response, Roscoe argued that the discovery rule applied because James had fraudulently informed the court that Edwin had never been divorced in the "proof of death and other facts." Roscoe also alleged that the transfer of assets was fraudulent because he had never received notice of the proceedings and because "the Will was not self-proving on its face and [was] admitted based upon deliberate false information."

---

[1]We refer to Edwin Roscoe Williams, Jr., as "Roscoe" to avoid confusion with the name of the decedent.

2

Roscoe appeals the trial court's order granting James' summary judgment and ordering that Roscoe take nothing by way of his claims.

## I.    Standard of Review

We review de novo the grant of a traditional motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).   To prevail on a motion for summary judgment, the movant must conclusively establish the absence of any genuine question of material fact and that judgment is available as a matter of law.  TEX. R. CIV. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).   A defendant moving for summary judgment must conclusively negate at least one element of the plaintiff's theory of recovery or plead and conclusively establish each element of an affirmative defense.  *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).   If the defendant establishes his or her right to summary judgment, the burden shifts to the plaintiff to raise a genuine issue of material fact.  *Id.*

The question on appeal here is not whether the summary judgment proof raises a fact issue with reference to the essential elements of Roscoe's cause of action, but whether the summary judgment proof establishes that James is entitled to judgment as a matter of law.  *French v. Gill*, 252 S.W.3d 748, 751 (Tex. App.—Texarkana 2008, pet. denied) (citing *Gonzalez v. Mission Am. Ins*. Co., 795 S.W.2d 734, 736 (Tex. 1990)).   In reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor.  *Sudan v. Sudan*, 199 S.W.3d 291,

3

292 (Tex. 2006). If the nonmovant asserts that the statute of limitations has been tolled, it becomes the movant's burden to "conclusively negate the tolling provision's application" before summary judgment may be awarded. *French*, 252 S.W.3d at 751 (quoting *Allen v. Intercapital Lodge Ltd. P'ship*, 66 S.W.3d 351, 353 (Tex. App.—Houston [14th Dist.] 2001, pet. denied)).

## II. Application

"No will shall be admitted to probate after the lapse of four years from the death of the testator unless it be shown by proof that the party applying for such probate was not in default in failing to present the same for probate within the four years aforesaid." TEX. PROB. CODE ANN. § 73 (West 2003). Roscoe argued that the trial court erred in admitting the will for probate in 1994 without "proof that Defendant was not in default" and that, therefore, the court was without jurisdiction to admit the will for probate. However, James averred in the "proof of death and other facts" that Edwin's will "was turned over to an attorney in Houston to be probated. Applicant only recently discovered that no action had been taken by said attorney." At the time the court admitted the will for probate, it found James' statement true and recited "that all the necessary proof required for probate of the will" was made. James' contention sought to demonstrate that he was not in default in failing to present the will for probate within four years of Edwin's death because he believed the will would be probated by the attorney. The contention was not contested prior to the order admitting the will for probate as a muniment of title.

4

The argument was not raised until 2010 in the form of a will contest.[2]  Section 93 of the Texas Probate Code provides:

> After a will has been admitted to probate, any interested person may institute suit in the proper court to contest the validity thereof, within two years after such will shall have been admitted to probate, and not afterward, except that any interested person may institute suit in the proper court to cancel a will for forgery or other fraud within two years after the discovery of such forgery or fraud, and not afterward. Provided, however, that incapacitated persons shall have two years after the removal of their disabilities within which to institute such contest.

TEX. PROB. CODE ANN. § 93 (West 2003).  The "will contest and motion to set aside order admitting will for probate" was filed outside the permissible statute of limitations.

Roscoe alleged that the Section 93 limitations period was tolled by fraudulent statements made by James in the proof of death and other facts.  The discovery rule applies in cases of fraud, fraudulent concealment, and in other cases where the nature of the injury is inherently undiscoverable.  *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997).  However, Roscoe testified under oath that he discovered the existence of the will "between 1990 and 2000."  He further admitted that he had "spoke[n] to an attorney that said [Edwin] turned [the will] over to him."  An action to set aside a final probate of a will as a muniment of title cannot be maintained when the action is not filed until sixteen years after probate of the will and approximately ten years after the plaintiff discovered that the will had been probated.  *Fortinberry v. Fortinberry*, 326

---

[2]Roscoe's "will contest and motion to set aside order admitting will for probate," which was filed under the same cause number as the probate proceeding, was not a collateral attack upon the order.  *A. & M. College of Tex. v. Guinn*, 280 S.W.2d 373, 377 (Tex. Civ. App.—Austin 1955, writ ref'd n.r.e.).  Therefore, this is a direct, not a collateral, proceeding.  *Id.*

5

S.W.2d 717, 720 (Tex. Civ. App.—Waco 1959, writ ref'd n.r.e.).

We find that James established his entitlement to summary judgment as a matter of law.

## III.    Conclusion

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted:        November 21, 2011
Date Decided:         December 14, 2011

6